# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| GUARDIAN MEDIA TECHNOLOGIES, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>COBY ELECTRONICS CORPORATION, et al.<br><br>Defendants. | Case No: CV08-08439 R(RCx)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW**<br><br>Judge: Hon. Manuel L. Real<br>Date: June 1, 2009<br>Time: 10:00 a.m.<br>Dept: 8 |
| AND RELATED CROSS ACTIONS | |

The Motion for Summary Judgment of Non-Infringement of Defendant Nintendo of America Inc. ("Nintendo") (Dkt. No. 106) came on regularly for hearing on June 1, 2009, at 10:00 a.m. in the above-referenced Court, the Hon. Manuel L. Real, Judge presiding. The parties appeared through counsel and submitted the matter on their papers as filed. The Court having reviewed and considered the submissions of the parties hereby GRANTS that Motion and makes the following findings:

**I.    FINDINGS OF FACT**

**A.    U.S. Patent No. 4,930,158**

1.    U.S. Patent No. 4,930,158 ("the '158 patent") is entitled "Selective Video Playing System."

2.    The '158 patent was filed on August 29, 1988 and issued on May 29, 1990.

3.    A Reexamination Certificate for the '158 patent was issued on November 4, 2008.

4.    The Reexamination Certificate states that it confirmed claims 8-11 and 19-22 and cancelled claims 1-7 and 12-18.

5.    Claims 8 and 19 of the '158 patent are independent claims. Claims 9-11 and 20-22 are dependent on claims 8 and 19, respectively.

6.    Independent claim 8 of the '158 patent recites:

> A video recording playing method comprising the steps of
> receiving from a video storage medium signals representative of a video program,
> processing said signals to produce video signals of a form suitable for display,
> detecting a code within the signal received from the storage medium,
> comparing the detected code to a set of selected codes, and,

according to a predetermined result of the comparison:

sending a signal to an auxiliary device, causing playing of the video program to be suspended,

waiting until a resumption signal is received, and resuming replay of the suspended program after receiving the resumption signal.

7.  Independent claim 19 of the '158 patent recites:

A video recording player comprising:

means for receiving, from a video storage medium, signals representative of a video program,

processing means for forming video signals of a form suitable for application to a video display means from said signals,

means for detecting a code within the signal received by the receiving means,

means for comparing the detected code to a set of selected codes, and

controller means for, according to the result of the comparison, sending a signal to an auxiliary device, to cause playing of the video program to be suspended, and responsive to a resumption signal to resume playing of the suspended program when the resumption signal is received.

**B.   Plaintiff And Its Complaint**

8.   This action has been brought by Plaintiff Guardian Media Technologies, Ltd. ("Guardian").

9.   Guardian is the owner of the '158 patent.

10.  Guardian accused Nintendo of infringing the '158 patent.

11.  Guardian accused the Nintendo Wii of infringing the '158 patent.

//

### C. Nintendo Wii Technology

12. The Nintendo Wii is a video game console. *See* Chang Decl. at ¶ 3 (Dkt. No. 106-11).

13. The Nintendo Wii does not playback recorded movies, television programs, or cable television recorded on DVDs. *See* Chang Decl. at ¶ 3 (Dkt. No. 106-11).

14. It is possible for the Nintendo Wii to playback video from flash memory (*e.g.* SD card) inserted into the Wii. *See* Chang Decl. at ¶ 4 (Dkt. No. 106-11).

15. The Nintendo Wii has no parental control functionality relating to playback of video from flash memory (*e.g.* SD card). *See* Chang Decl. at ¶ 4 (Dkt. No. 106-11).

16. Any parental control functionality relating to playback of video from flash memory (*e.g.* SD card) would be readily apparent upon testing or review of the operations manual.

17. The Nintendo Wii does not have a parental control function that affects the playback of "video programs," as construed by the Court below.

18. Any finding of fact to the extent it is a conclusion of law is deemed to be a conclusion of law.

## II. CONCLUSIONS OF LAW

### A. Summary Judgment Standards

1. FED. R. CIV. P. 56(c) provides: "The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."

2. "Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. … Thus, summary judgment may be granted when no 'reasonable jury could return

1  a verdict for the nonmoving party.'" *O.I. Corp. v. Tekmar Co.*, 115 F.3d 1576,
2  1580 (Fed. Cir. 1997) (internal quotation and citations omitted).

3      **B.**    **Infringement Standards**

4      3.    Determining whether a patent claim has been infringed requires a two-
5  step analysis. *Gen. Am. Transp. Corp. v. Cryo-Trans, Inc.*, 93 F.3d 766, 769 (Fed.
6  Cir. 1996).

7      4.    "First, the claim must be properly construed to determine its scope
8  and meaning. Second, the claim as properly construed must be compared to the
9  accused device or process." *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15
10 F.3d 1573, 1576 (Fed. Cir. 1993).

11     5.    The first step—claim construction—is a question of law for the Court.
12 *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (*en
13 banc*), *aff'd*, 517 U.S. 370 (1996).

14     6.    The second step—comparison of the accused device to the properly
15 construed claims—is a question of fact. *Mannesmann Demag Corp. v. Engineered
16 Metal Prods. Co.*, 793 F.2d 1279, 1282 (Fed. Cir. 1986).

17     7.    "On occasion the issue of literal infringement may be resolved with
18 the step of claim construction, for upon correct claim construction it may be
19 apparent whether the accused device is within the claims." *Multiform Desiccants,
20 Inc. v. Medzam Ltd.*, 133 F.3d 1473, 1476 (Fed. Cir. 1998).

21     **C.**    **Claim Construction Standards**

22     8.    The patent's claims define the scope of the right to exclude, and,
23 therefore, the claim construction inquiry begins in all cases with the words of the
24 claim. *Renishaw PLC v. Marposs Societa' Per Azioni*, 158 F.3d 1243, 1248 (Fed.
25 Cir. 1998).

26     9.    "It is well-settled that, in interpreting an asserted claim, the court
27 should look first to the intrinsic evidence of record, *i.e.*, the patent itself, including
28 the claims, the specification and, if in evidence, the prosecution history." *Vitronics*

1  *Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996).

2      10.    "To ascertain the meaning of claims, we consider three sources: The
3  claims, the specification, and the prosecution history." *Markman*, 52 F.3d at 979
4  (internal quotation and citations omitted).

5      11.    "Proper claim construction requires an examination of the claim
6  language, the written description, and, if relevant, the prosecution history."
7  *Comark Communications, Inc. v. Harris Corp.*, 156 F.3d 1182, 1186 (Fed. Cir.
8  1998).

9      12.    The patent specification is the primary basis for construing patent
10 claims. *See, e.g.*, *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) (*en
11 banc*); *Standard Oil Co. v. Am. Cyanamid Co.*, 774 F.2d 448, 452 (Fed. Cir. 1985).

### D. Claim Construction Of The "Detecting A Code Within The Signal" Limitation

14     13.    "The signal" of the '158 patent claim limitation "detecting a code
15 within the signal" refers to the previously recited claim limitation "signals
16 representative of a video program." *See, e.g.*, '158 patent at 7:27-28, 8:55.

17     14.    Based on the intrinsic evidence, the Court construes the '158 patent
18 claim limitation "video program" to mean "recorded movies, broadcast television
19 programs, and cable television, regardless of the media on which they are
20 recorded." *See* Hearing Tr. at 4:2-5 (June 1, 2009).

21     15.    Based on the intrinsic evidence, the Court construes the '158 patent
22 claim limitation "detecting a code within the signal" to mean "detecting a code
23 within a signal representative of a recorded movie, broadcast television, or cable
24 television, regardless of the media in which they are recoded." *See* Hearing Tr. at
25 4:8-11 (June 1, 2009).

### E. Non-Infringement

27     16.    Based on the Court's findings of fact and claim constructions above,
28 the Nintendo Wii does not infringe the '158 patent.

17. Any conclusion of law to the extent it is a finding of fact is deemed to be a finding of fact.

The Court has read and adopted these findings of fact and conclusions of law. They are supported by evidence (R).

Dated:__June 8, 2009__          _____

                                Hon. Manuel L. Real
                                United States District Judge